IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

**RAYMOND LYLE, Individually and on Behalf of all Others Similarly Situated**                                            **PLAINTIFF**

vs.                                                        No. 7:21-cv-89

**RANGER ENERGY SERVICES, LLC, and BRAVO WIRELINE, LLC**                                            **DEFENDANTS**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Raymond Lyle ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendants Ranger Energy Services, LLC, and Bravo Wireline, LLC, (collectively "Defendant" or "Defendants"), and in support thereof he does hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1.   Plaintiff participated in a settlement with Defendant Ranger Energy Services, LLC, which concluded in January of 2020. *See Bryant v. Ranger Energy Services, LLC, et al.*, Case No. MO:18-cv-112-DC, ECF No. 26. Because Plaintiff released Defendant from violations within the time period relevant to that settlement, the instant lawsuit's relevant time period is from January of 2020 to the present.

2.   This is a collective action brought by Plaintiff, individually and on behalf of all other Operators and Lead Operators employed by Defendants at any time within the time period relevant to this Complaint.

3. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff and other Operators and Lead Operators lawful overtime compensation for hours worked in excess of forty hours per week.

4. Upon information and belief, during the time period relevant to this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, infra.

5. Plaintiff and the members of the proposed collective were, at times, misclassified by Defendants as exempt from the overtime requirements of the FLSA.

## II.   JURISDICTION AND VENUE

6. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

7. The acts complained of herein were committed and had their principal effect within the Midland/Odessa Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendants do business in this District and a substantial part of the events alleged herein occurred in this District.

9. The witnesses to overtime violations alleged in this Complaint reside in this District.

10. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

11.     Venue is proper in this District. *See* 28 U.S.C. §§ 1391 (b) & (c).

## III.     THE PARTIES

12.     Plaintiff is a resident and citizen of Crawford County, Arkansas.

13.     Defendant Ranger Energy Services, LLC ("RES"), is a foreign limited liability company.

14.     RES's principal address is 800 Gessner, Suite 1000, Houston, Texas 77024.

15.     RES's registered agent for service of process is C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

16.     RES, in the ordinary course of business, maintains a website at https://www.rangerenergy.com/.

17.     Defendant Bravo Wireline, LLC ("Bravo"), is a foreign limited liability company.

18.     Bravo's principal address is 800 Gessner, Suite 1000, Houston, Texas 77024.

19.     Bravo's registered agent for service of process is C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

20.     Bravo does business as Mallard Completions, and, upon information and belief, recently changed its name from Mallard Completions, LLC, to Bravo Wireline, LLC.

21.     Bravo, in the ordinary course of business, maintains a website at https://www.mallardcompletions.com/.

## IV.     FACTUAL ALLEGATIONS

22.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

23. Defendants provide products and services in the oil and gas industry throughout the United States.

24. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

25. Upon information and belief, the revenue generated from RES and Bravo was merged and managed in a unified manner.

26. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

27. Defendants constitute an integrated enterprise because Defendants' related activities are for a common business purpose within the meaning of FLSA, 29 U.S.C. § 203(r).

28. Defendants acted jointly as the employer of Plaintiff and the proposed collective and have been engaged in interstate commerce as that term is defined under the FLSA.

29. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as vehicles and fuel.

30. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

31. Plaintiff was employed by Defendants as a Lead Operator from approximately March of 2018 until March of 2021.

32. Within the time period relevant to this case, Defendants also employed other Operators and Lead Operators.

33. Until around October of 2020, Plaintiff was classified by Defendants as exempt from overtime wages and paid a salary and bonuses.

34. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

35. Within the time period relevant to this case, Plaintiff and other Operators and Lead Operators worked in excess of forty hours per week throughout their tenure with Defendants.

36. On average, Plaintiff and other Operators and Lead Operators worked over 100 hours per week.

37. Within the time period relevant to this case, Plaintiff and other Operators and Lead Operators did not receive any overtime compensation.

38. Within the time period relevant to this case, Plaintiff and other Operators and Lead Operators were misclassified as exempt and paid a salary.

39. Within the time period relevant to this case, Plaintiff and other Operators and Lead Operators were also paid non-discretionary bonuses on a regular basis for days on which they worked at a well site operating machines.

40. Plaintiff and other Operators and Lead Operators never agreed that their salary would be sufficient to cover all hours worked.

41. Upon hire, Plaintiff and other Operators and Lead Operators did not sign any contract of employment setting forth their hours or wages. Their annual compensation was not less than $455.00 per week nor more than $100,000.00 per year.

42. In performing their services for Defendants, Plaintiff and other Operators and Lead Operators were not required to utilize any professional education relevant to their job duties.

43. Plaintiff and other Operators and Lead Operators were classic blue-collar workers, spending physical, demanding, long shifts working on and with machinery, and not in an office.

44. During the course of their employment, Plaintiff and other Operators and Lead Operators did not manage the enterprise or a customarily recognized subdivision of the enterprise.

45. Plaintiff and other Operators and Lead Operators did not select any employees for hire or fire, nor did they provide any training for any employee.

46. Plaintiff and other Operators and Lead Operators did not have any control of or authority over any employee's rate of pay or working hours.

47.     Plaintiff and other Operators and Lead Operators did not maintain or prepare production reports or sales records for use in supervision or control of the business.

48.     Similarly, Plaintiff and other Operators and Lead Operators did not have any responsibility for planning or controlling budgets.

49.     Defendants did not pay Plaintiff and other Operators and Lead Operators 1.5x their regular rate of pay for all hours worked over 40 per week.

50.     Upon information and belief, Defendants' pay practices were the same at all locations.

51.     Defendants knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations involving the misclassification of positions very similar to Operators and Lead Operators.

52.     Defendants knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Operators and Lead Operators violated the FLSA.

53.     Plaintiff and other Operators and Lead Operators for Defendants routinely used hard hats, drilling equipment, lubricators, blow-out preventers, wrenches, and other tools, in performing their job duties. Thus the employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

### V.     REPRESENTATIVE ACTION ALLEGATIONS

54.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

55.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons

similarly situated who were, are, or will be employed by Defendant within the relevant time period, who are entitled to payment of the following types of damages:

    A. Overtime premiums for all hours worked over forty hours in any week;

    B. Liquidated damages; and

    C. Attorney's fees and costs.

56. Plaintiff proposes the following collective under the FLSA:

**All salaried Operators and Lead Operators who received payment from January of 2020 until October of 2020 for work performed in any week in which they worked over forty hours.**

57. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

58. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

59. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A. They were classified by Defendant as salaried employees, exempt from the overtime requirements of the FLSA;

    B. They were subject to Defendant's common policy and practice of failing to pay them an overtime premium for hours worked over forty in a week;

    C. They regularly worked over forty hours in a week; and

    D. They had the same or substantially similar job duties and responsibilities.

60. Plaintiff is unable to state the exact number of the collective but believe that the collective exceeds fifty persons.

61. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

62. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

63. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

64. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

65. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

66. Defendants misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

67. Defendants deprived Plaintiff of overtime compensation for all of the hours worked over forty per week in violation of the FLSA.

68. Defendants' conduct and practice, as described above, is and has been at all times relevant hereto, willful, intentional, unreasonable, arbitrary and in bad faith.

69. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable

attorney's fees provided by the FLSA for all violations which occurred beginning in January of 2020, plus periods of equitable tolling.

70. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

71. Plaintiff repeats and re-alleges all the preceding paragraphs of the Original Complaint above, as if fully set forth herein.

72. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

73. Defendants misclassified Plaintiff and similarly situated employees as exempt from the overtime requirements of the FLSA.

74. Defendants required Plaintiff and similarly situated employees to work in excess of forty hours each week but failed to pay Plaintiff and the similarly situated employees overtime compensation for all of the hours in excess of forty in each workweek.

75. Defendants deprived Plaintiff and other similarly situated employees overtime compensation for all of the hours worked over forty per week in violation of the FLSA.

76. Defendants' conduct and practice, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

77. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

78. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and similarly situated employees as provided by the FLSA, Plaintiff and similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Raymond Lyle, individually and on behalf of all others similarly situated, respectfully prays for relief and damages as follows:

A. That each Defendant be summoned to appear and answer herein;

B. That Defendants be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

C. A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E. Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

F.  Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

G.  An order directing Defendants to pay Plaintiff and members of the collective prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

H.  Such other and further relief as this Court may deem just and proper.

    Respectfully submitted,

    **RAYMOND LYLE, Individually and on behalf of All Others Similarly Situated, PLAINTIFF**

    SANFORD LAW FIRM, PLLC
    Kirkpatrick Plaza
    10800 Financial Centre Pkwy, Suite 510
    Little Rock, Arkansas 72211
    Telephone: (501) 221-0088
    Facsimile: (888) 787-2040

    */s/ Josh Sanford*
    Josh Sanford
    Tex. Bar No. 24077858
    josh@sanfordlawfirm.com